# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ROBERT M. SMITH, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 18−cv−1692−SMY |
| JACQUELINE LASHBROOK, CODY WILSON, H. JOHNSON, HARRIS, and GARDNER | ) |  |
| Defendants. | | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On September 6, 2018, Plaintiff Robert M. Smith, an inmate currently incarcerated at Menard Correctional Center, filed this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he is in danger due to staff negligence. He requests monetary damages and injunctive relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

## The Complaint

Plaintiff makes the following allegations in the Complaint: Sometime around April 2018, Plaintiff was in protective custody. (Doc. 1, p. 9). Officers Gardner, Johnson, and Harris all made statements to other inmates that put Plaintiff's life in danger. *Id*. Cody Wilson wrote Plaintiff three falsified tickets at unspecified times which resulted in Plaintiff being sent to segregation. *Id*. Plaintiff filed an emergency grievance to Lashbrook on April 14, 2018 alleging that his life was in danger due to staff negligence. *Id*. Prior to this date, he also "informed" Lashbrook, Funk, Roland, and Gardner (the Complaint is silent about what Plaintiff informed those individuals). *Id*. As of June 21, 2018, Plaintiff's life is constantly being threatened by other inmates because his grievances were returned to another inmate, also named Smith, and passed around the cellblock, causing him to be considered a snitch. *Id*.

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

**Count 1:** Defendants Lashbrook, Johnson, Harris, and Gardner have failed to protect Plaintiff from serious harm and/or created a risk of serious harm by labeling him a snitch in violation of the Eighth Amendment;

**Count 2:** Wilson violated Plaintiff's Due Process rights by writing three falsified disciplinary reports in violation of the Fourteenth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the

Complaint but not addressed in this Order is deemed dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]

## Discussion

As an initial matter, Plaintiff refers to Funk and Roland in his statement of claim, but does not include them in the case caption or list of defendants. This precludes the Court from considering them defendants in this action. Fed. R. Civ. P. 10. *See also Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). If Plaintiff wishes to proceed on claims against Funk and Roland, he should file an amended complaint properly joining them to any claims present in this action.

Count 1, alleging that the defendants either placed Plaintiff at risk of harm by calling him a snitch and spreading that rumor or failed to protect him from such conduct, will proceed against Defendants Johnson, Harris, and Gardner. *Wright v. Miller*, 561 F. A'ppx 551, 555 (7th Cir. 2014). Count 1 will also proceed against Defendant Lashbrook for approving, condoning, or turning a blind eye to such conduct. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Count 2 also survives threshold review. Plaintiff alleges that Wilson falsified a disciplinary report against him. Generally, allegations of a false disciplinary report state no claim without an allegation that the inmate was denied an adequate hearing pursuant to *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Hanrahan v. Lane*, 747 F.2d 1137, 1139-41 (7th Cir. 1984). However, an allegation of a false disciplinary report may constitute a denial of the *Wolff* protections if it can be inferred that an inmate received discipline without "some evidence" in support of that discipline. *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff alleges that he was sent to segregation based on a false disciplinary report, suggesting that there may have been a *Wolff* problem with the hearing.  Accordingly, Plaintiff will be able to proceed on his claim that Wilson wrote a disciplinary report unsupported by some evidence.

**<u>Pending Motion</u>**

Plaintiff submitted a Motion for Recruitment of Counsel with his Complaint.  (Doc. 3). Additionally, on October 19, 2018, he filed a Motion for Status, indicating that he continued to be threatened by other inmates and reiterating his request for appointment of counsel. (Doc. 8).  For the following reasons, Plaintiff's Motion for Recruitment of Counsel is **DENIED** (Doc. 3). Further, Plaintiff's Motion for Status is **DENIED as MOOT** as this Order will serve as a status of the case. (Doc. 8).

There is no statutory or constitutional right to counsel in a civil case, but a court may appoint counsel in its discretion based on its consideration of two factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  *Pruitt*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. In other words, if a plaintiff has made no attempt to obtain counsel on his own, the Court should deny the request. *See Pruitt*, 503 F.3d at 655.

Here, while Plaintiff maintains that he has made attempts to recruit counsel, his Complaint makes allegations that occurred in the spring and summer of 2018, and his exhibits in support of his Motion to recruit counsel suggest that he exclusively sought legal help in 2003, 2006, 2012, 2013, 2014, and 2015.  (Doc. 3, pp. 5-10).  Moreover, one of the letters seeking assistance is

directed to the Six Judicial Circuit in Champaign County, a state court. (Doc. 3, p. 6). Another letter makes it clear that Plaintiff was seeking assistance with his criminal matter, not this civil suit. (Doc. 3, p. 10). None of the exhibits indicate that Plaintiff has made a reasonable effort to recruit counsel for this case. Plaintiff must demonstrate that he has attempted to recruit counsel for this case. Accordingly, Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court **DIRECTS** him to (1) contact at least three attorneys regarding representation in this case prior to filing another motion, (2) include in the motion the names and address of at least two attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation.

In his Complaint Plaintiff states, "I believe there should be some kind of injunctive relief from the malicious misconduct of the officers." (Doc. 1, p. 9). Plaintiff does not refer to Fed. R. Civ. P. 65 or use the term "preliminary injunction," nor does he request any specific relief that could be considered injunctive relief. Moreover, it appears that he has confused injunctive relief with punitive damages. While the Court will not hold a pro-se litigant's confusion against him, there is nothing in the Complaint to support a request for a preliminary injunction. If Plaintiff does in fact wish to seek a preliminary injunction, he should file a motion on that point, identifying what he wants the Court to order and listing the reasons why he needs such an order.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint survives threshold review as to all claims.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Lashbrook, Wilson, Johnson, Harris, and Gardner: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail

these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/6/2018**

s/ STACI M. YANDLE
**U.S. District Judge**

**Notice**

The Court will take the necessary steps to notify the appropriate defendant(s) of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant(s) will enter their appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendant(s)' Answer, but it is entirely possible that it will take 90 days or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the Court at this time, unless otherwise directed.